RECEIVED
SEP 1 6 2019
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JASON NEELY | CASE NO. 17-CV-1441 |
| vs. | JUDGE DRELL |
| ERIKA HAYES, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Before the court are two pending motions for summary judgment. The first such motion, filed by defendant National Union Fire Insurance Company ("National Union") seeks summary judgment declaring that the policy issued by National Union to Multiband Field Services, Inc.[1] ("Multiband") does not contain uninsured/underinsured motorist ("UM/UIM") coverage and, therefore, plaintiff's claims against National Union for these coverages should be denied and dismissed with prejudice. (Doc. 38). The second motion for summary judgment was filed by defendants Erika Hayes ("Hayes") and State Farm Mutual Automobile Insurance Company ("State Farm"). All claims among plaintiff and these parties, as well as the intervenor plaintiff, New Hampshire Insurance Company have since been settled and dismissed, rendering that motion moot.[2] (Doc. 41). Accordingly, the court will only address the first-filed motion, regarding the coverage issue between plaintiff and National Union.

---

[1] Policy Number 192-18-45 at Doc. 38-3.
[2] The court notes its profound disappointment with the ineffective communication regarding the status of this case to the court. The court advises that counsel should consider adopting a more voluntary and forthright approach to communications with the court in the future.

1

The evidence submitted by National Union shows that on February 8, 2017, Sylvia Rodriguez ("Rodriguez"), Multiband's Director of Risk Management, executed the State of Louisiana "Uninsured/Underinsured Motorist Bodily Injury Coverage Form" for the policy term January 1, 2017 – January 1, 2018. (Doc. 38-4). Rodriguez initialed paragraph number four (4), which states, "**I do not want UMBI Coverage. I understand that I will not be compensated through** UMBI coverage for losses arising from an accident caused by an uninsured/underinsured motorist." (Id., emphasis original). As explained by National Union's motion, the policy numbers are identified as "[a]ll Policies of the same first Names Insured" and the insurer is listed as "Commercial Casualty – AIG" because the policy was issued by AIG and was renewed by National Union.

Plaintiff filed no opposition to National Union's motion and, thus, submits no rebuttal evidence tending to show the existence of any issue for trial as to the validity of Multiband's valid rejection of UM/UIM coverage under Louisiana law. National Union demonstrates, by sufficient evidence, that Multiband's rejection of UM/UIM coverage comported with applicable Louisiana insurance law and the Commissioner of Insurance's Bulletin No. 08-02 regarding proper coverage rejection. La. R.S. 22:1295. Again, plaintiff offers no rebuttal on this issue and has, therefore, failed to carry his burden of proof as the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) *citing* First National Bank of Arizona v. Cities Service Co., 391 U.S. 253 (1968).

Given our finding that no issue remains for trial regarding plaintiff's claim against National Union for UM/UIM coverage under the policy at issue, it is the court's conclusion that National Union's motion for summary judgment should be granted in full and plaintiff's claim against it should be dismissed with prejudice.

A judgment will issue in conformity with these findings.

Alexandria, Louisiana
September 14, 2019

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT